[Cite as *State v. Kincaid*, 2012-Ohio-4669.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-C0A-011 |
| TIMOTHY J. KINCAID | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland Municipal
                             Court, Case No. 12-TR-D-518


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 5, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

DAVID HUNTER                        TIMOTHY J. KINCAID  PRO SE
1058 CR 2826                        1910 Mentor Avenue
Perrysville, OH  44864              Painesville, OH  44077

*Gwin, J.*

{¶1} Defendant Timothy J. Kincaid appeals a judgment of the Municipal Court of Ashland County, Ohio, which found him guilty of driving 80 M.P.H. in a 65 M.P.H. zone in violation of R.C. 4511.21 (D). Appellant assigns a single error, which he divides into four issues:

{¶2} "THE RECORD DOES NOT SUPPORT THE CONVICTION OF DEFENDANT OF TRAVELING AT 80 MILES PER HOUR IN A 65 MILE PER HOUR ZONE IN VIOLATION OF OHIO REVISED STATUTE SECTION 4511.21 D2 (SIC), FOR THE FOLLOWING REASONS:

{¶3} (a-1) THE READINGS FROM THE SPEED DETECTION DEVICE INTRODUCED AT TRIAL WERE NOT ADMISSIBLE AS EVIDENCE BECAUSE THE RADAR DEVICE WAS NOT APPROVED FOR JUDICIAL NOTICE.

{¶4} (a-2) THE READINGS FROM THE SPEED DETECTION DEVICE INTRODUCED AT TRIAL WERE NOT ADMISSIBLE BECAUSE THERE WAS NO EVIDENCE THAT THE DEVICE WAS PROPERLY TESTED IN ACCORDANCE WITH ESTABLISHED PRINCIPLES.

{¶5} (a-3) THE TESTIMONY OF THE OFFICER REGARDING HIS VISUAL OBSERVATION OF THE SPEED OF THE VEHICLE DRIVEN BY DEFENDANT WAS NOT ADMISSIBLE BECAUSE THE OFFICER LACKED TRAINING, CERTIFICATION AND EXPERIENCE IN VISUAL ESTIMATION OF SPEEDS.

{¶6} (b) THE STATUTE UNDER WHICH DEFENDANT WAS FOUND GUILTY WAS NOT APPLICABLE TO THE FACTS OF THIS CASE INASMUCH AS THERE WERE NO FACTS FROM WHICH THE COURT COULD CONCLUDE THAT THE

ROAD UPON WHICH THE DEFENDANT WAS DRIVING WAS A 'FREEWAY' AS THAT TERM IS DEFINED IN THE STATUTE UNDER WHICH DEFENDANT WAS CHARGED."

{¶7} The record indicates Trooper James Speicher issued a speeding ticket to appellant on January 4, 2012. At the trial the trooper testified he was stationary on Interstate 71 when he observed a vehicle which later proved to be appellant's vehicle traveling at what he estimated to be at least 80 miles per hour. The trooper testified he activated the Pro Laser III speed measuring device, for which he had checked the calibration and the scope alignment at the start of his shift. The trooper established a tracking history of appellant's vehicle. He testified the tracking history he observed was 80 miles per hour, dropping to 79, 78, and then rapidly down to 65 miles per hour. The trooper testified the posted speed limit for the road in question was 65 miles per hour.

{¶8} Appellant objected to the officer's testimony that he was using a Customs Signal Pro Laser III device. The court overruled the objection finding the trooper had personal knowledge of the device.

{¶9} The State then asked the court to take judicial notice of the scientific reliability of the Pro Laser III, based upon its determination in a prior case. At appellant's urging, the court declined to take judicial notice until after cross examination was complete.

{¶10} Trooper Speicher then testified that at the end of his shift he tested the Pro Laser III unit again and it was working properly at the end of the shift just as it had been at the start.

**{¶11}** On cross-examination, appellant questioned the trooper extensively about his training and experience. On cross, the trooper stated the device was a Pro Laser III because it was printed on the unit and on the operating manual.

**{¶12}** Appellant then reviewed the manual with the trooper regarding various instructions for using speed tracking devices. The trooper testified he used the laser gun properly according to his training and the manual.

**{¶13}** On re-direct, the State asked Trooper Speicher to elaborate on his training and experience including both classroom and hands-on training. Appellant renewed his objection to the identification of the device, which the court noted but overruled. The court then took judicial notice that the Pro Laser III is a scientifically accurate and valid speeding measure device consistent with the court's prior holdings.

**{¶14}** Appellant argues the state failed to present sufficient evidence to prove its case against him. A claim of insufficient evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Diar,* 120 Ohio St.3d 460, 2008–Ohio–6266, 900 N.E.2d 565, 113, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

a-1

**{¶15}** Appellant frames the first issue presented as whether the court can accept testimony a speed-detection device was of a particular make and model based solely on the sticker that appeared on the device, given that its placement on the device was not prescribed by statute, and the circumstances of its placement on the device were unknown. Appellant argues the trooper did not testify he knew the device was a Custom Signal Pro Laser III because of his training and experience, but only testified he believed it was because of the label. We find appellant misstates the evidence that was presented. The trooper also testified about his training and certification with the device.

**{¶16}** Appellant characterizes the testimony as hearsay. Ohio R. Evid. 801 (C) defines hearsay as a statement other than one made by the declarant while testifying at trial or hearing offered in evidence to prove the truth of the matter asserted. Assuming arguendo the label qualifies as a statement, we find this was not the only testimony identifying the device. Even if the statement was hearsay, there was testimony the trooper had training and was certified on the device, from which the court, if it believed the trooper's testimony, could draw the inference the officer was familiar with the Pro Laser III and could testify from personal knowledge. The issue was the credibility of the trooper's testimony.

a-2

**{¶17}** The second issue appellant raises is whether there was any evidence the speed measuring device was properly tested in accordance with established principles. The State points out appellant never offered the manual for the device into evidence at trial, although he read extensively from it during cross examination. The record only

contains the testimony presented at trial, at which the trooper testified at some length that he tested and operated the device properly.

{¶18} Again we find the issue involves the credibility of the trooper's testimony.

a-3

{¶19} Appellant argues the testimony of the officer regarding his visual observation of the speed of the vehicle was not admissible because the officer lacked training, certification, and experience in visual estimations of speed.

{¶20} Appellant's argument here hinges on the Supreme Court's holding in *Barberton v. Jenney,* 126 Ohio St. 3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, which held a police officer's unaided visual estimation of a vehicle's speed is sufficient evidence to convict if the officer demonstrates he is trained, certified, and experienced in visually estimating vehicles' speed.

{¶21} On September 30, 2011, subsequent to *Jenney,* the Legislature amended R.C. 4511.091 to specify no person shall be arrested, charged, or convicted of a violation of the statutes governing speeding based solely on a police officer's visual unaided estimation of the speed of a motor vehicle, trackless trolley or streetcar.

{¶22} The trial testimony details the trooper's training, certification, and experience. We have found supra the trial court did not err in finding the speed detection device had been accepted by the court as reliable and properly used, and therefore the trooper's estimation of appellant's speed is not the sole evidence presented.

b

{¶23} Finally, appellant argues the statute under which he was convicted was inapplicable to the case because there were no facts from which the court could conclude the appellant was driving on a freeway as defined in the statute.  R.C. 4511.21 provides the speed limit is 65 mph on interstates as defined as:

(a) Freeways that are part of the interstate system and that had such a speed limit established prior to October 1, 1995, and freeways that are not part of the interstate system, but are built to the standards and specifications that are applicable to freeways that are part of the interstate system and that had such a speed limit established prior to October 1, 1995;

(b) Freeways that are part of the interstate system and freeways that are not part of the interstate system but are built to the standards and specifications that are applicable to freeways that are part of the interstate system, and that had such a speed limit established under division (L) of this section;

{¶24} The trooper testified the incident occurred on an interstate highway with a posted speed limit of 65, but there was no evidence presented the speed limit had been established prior to October 1, 1995. Again, appellant did not object to the trooper's testimony although he raised this issue in closing argument.

{¶25} The trial court did not address this issue directly, but found appellant was traveling on a roadway where the posted speed limit was 65 miles per hour.  We find

again the trooper's testimony, if believed by the trial court as the finder of fact, was sufficient for the court to draw this conclusion.

{¶26} The assignment of error is overruled in each of its parts.

{¶27} For the foregoing reasons, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER

WSG: clw 0906

[Cite as *State v. Kincaid*, 2012-Ohio-4669.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY J. KINCAID | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-11 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER